UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS GIOVANNY M.R.,[1]
A-Number: 246-414-512,

Petitioner,

v.

CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED SETATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-03424-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PETITION FOR WRIT OF HABEAS CORPUS, TO DENY MOTION FOR APPOINTMENT OF COUNSEL, AND TO DENY AS MOOT MOTIONS FOR STATUS**

(Docs. 1, 3, 15, 16)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Carlos Giovanny M.R. is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) He challenges his continued immigration detention without a bond hearing. Together with his petition, Petitioner filed a motion for appointment of counsel. (Doc. 3.) For the reasons below, the undersigned recommends that the petition be GRANTED IN PART and DENIED IN PART and that the motion

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

for appointment of counsel be DENIED.

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of Colombia. (Doc. 12-2 at 3.) According to the Immigration Judge ("IJ"), he last entered the United States on December 31, 2022, without a valid entry document.[2] (*Id.*) He applied for asylum in 2023. (Doc. 8 at 1; Doc. 8-1 at 2.)

On February 20, 2025, Petitioner was arrested in Miami-Dade County, Florida, for burglary, criminal mischief, and trespass. (Doc. 8-1 at 2.) U.S. Immigration and Customs Enforcement ("ICE") lodged an immigration detainer the next day. (*Id.*) On September 24, 2025, Petitioner entered a guilty plea in the Circuit Court for Miami-Dade County to burglary of an occupied dwelling, a second-degree felony, and third-degree grand theft. (Doc. 8-3 at 1.) The state court withheld adjudication of guilt, placed Petitioner on probation, and assessed $598 in costs and fees. (*Id.* at 1-2.) The record does not reflect that the state court imposed any term of incarceration.

The Department of Homeland Security ("DHS") filed a Notice to Appear with the immigration court on December 5, 2025, charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present without admission or parole. (Doc. 12-2 at 3; *see* Doc. 8-1 at 1-2.) ICE took Petitioner into custody on February 13, 2026, and he has remained detained since. (Doc. 1 at 4; Doc. 3 at 1; Doc. 8 at 2.) Petitioner admitted the factual allegations in the Notice to Appear, and the IJ sustained the charge of removability. (Doc. 12-2 at 3.)

On July 24, 2026, the IJ granted DHS's oral motion to pretermit Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture, citing *Matter of H-A-A-V-*, 29 I. & N. Dec. 233 (BIA 2025), and ordered Petitioner removed to Colombia. (Doc. 12 at 1; Doc. 12-2 at 3–6.) Both parties reserved appeal, and any appeal to the Board of Immigration Appeals ("BIA") was due August 21, 2026. (Doc. 12-2 at 6.) According to the Executive Office for Immigration Review's ("EOIR") automated case information system, the BIA

---

[2]The Form I-213 lists an entry date of June 22, 2022, at San Luis, Arizona, and in one passage describes Petitioner as a citizen of Venezuela. (Doc. 8-1 at 1-2.) Every other document in the record, including the IJ's order and the I-213's own citizenship field, identifies Colombia. These discrepancies do not affect the analysis below.

received Petitioner's appeal on August 17, 2026, and no briefing schedule has been set for either party.[3]

**B. Procedural History**

Petitioner filed the petition on May 4, 2026. (Doc. 1.) He asserts that his prolonged detention without a hearing violates: (1) the Due Process Clause of the Fifth Amendment, and (2) the Excessive Bail Clause of the Eighth Amendment. (*Id.* at 12-13.) He asks the Court to order his release or, alternatively, to order a hearing before an IJ at which the government must justify continued detention by clear and convincing evidence, with consideration of alternatives to detention and his ability to pay a bond. (*Id.* at 13.) He concurrently moved for appointment of counsel. (Doc. 3.)

On May 13, 2026, the Court ordered Respondents to show cause whether this case is distinguishable from the Court's prior orders. (Doc. 7.) Respondents responded that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), that he has not requested a *Joseph* hearing, and that his detention is constitutional. (Doc. 8.) The Court advised Petitioner that he could reply within fourteen days (Doc. 9); he did not file a reply within that period.

On July 22, 2026, the Court directed Respondents to report on the status of Petitioner's removal proceedings and any change in the claimed detention authority. (Doc. 10.) Respondents reported the IJ's July 24, 2026 decision and represented that, because the removal order is not administratively final during the appeal period, the basis for detention has not changed. (Doc. 12 at 1-2.)

On August 5, 2026, Petitioner filed a handwritten letter, served July 31, 2026, describing two attempts on his life in Colombia, his resulting injuries, and his fear of return, together with a July 2026 radiology report from the detention facility. (Doc. 14.) On September 8, 2026, Petitioner filed two identical motions requesting an update on the status of this case. (Docs. 15, 16.)

/ / /

[3]The Court takes judicial notice of the information available through EOIR's automated case information system, as of September 17, 2026, as a matter not subject to reasonable dispute that can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

## III. DISCUSSION

### A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the Mesa Verde ICE Processing Center in Bakersfield, California, within this judicial district, and he challenges the constitutionality of his detention. Jurisdiction is therefore proper.

Further, the Supreme Court in *Demore* did not foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified"). Petitioner asks the Court whether the Due Process Clause entitles him to a hearing or release, and that question remains within the Court's jurisdiction.

### B. Detention Authority

Petitioner does not dispute that he falls within 8 U.S.C. § 1226(c)(1)(E). He is inadmissible under section 1182(a)(6)(A), as he admitted and the IJ found. (Doc. 12-2 at 3.) *See* 8 U.S.C. § 1226(c)(1)(E)(i). And he was arrested for, charged with, and pleaded guilty to burglary and grand theft. (Doc. 8-1 at 2; Doc. 8-3 at 1.) *See* 8 U.S.C. § 1226(c)(1)(E)(ii). Therefore, Petitioner is detained under section 1226(c)(1)(E).

The IJ's July 24, 2026 removal order has not changed the statutory basis for detention. A removal order becomes final upon the earlier of a BIA determination affirming it or the expiration of the period in which the noncitizen may seek BIA review. 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1241.1(a)-(c). Petitioner timely appealed, and execution of the order is stayed while the appeal is pending. 8 C.F.R. § 1003.6(a). The removal period under 8 U.S.C. § 1231(a)(1)(B) has

therefore not begun, and Petitioner remains detained under section 1226(c). Respondents agree. (Doc. 12 at 1-2.)

**C. Respondents' Exhaustion Argument Does Not Reach Petitioner's Claim**

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "*Joseph* Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 8 at 3.) That argument is misdirected. A Joseph Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not dispute his classification for mandatory detention. Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a *Joseph* Hearing resolves, and exhaustion of that administrative remedy is therefore not required.

**D. Petitioner's Continued Detention Without an Individualized Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and approximately five months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however,

foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 303-06 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

The end of Petitioner's detention is not reasonably foreseeable. Civil immigration detention is nonpunitive and is ordinarily justified only by the twin purposes of preventing flight and protecting the community pending removal. *Zadvydas*, 533 U.S. at 690. Detention that is not reasonably related to those purposes, including detention that has become prolonged and lacks a determinable end, raises serious constitutional concerns. *Id.* at 690-91. Respondents correctly observe that detention under section 1226(c) "has a definite termination point: the conclusion of removal proceedings." *Jennings*, 583 U.S. at 304 (quotation marks omitted). But that endpoint is not near or reasonably foreseeable. After approximately seven months of detention, Petitioner's immigration case remains pending. In accordance with *Jennings*, the undersigned does not treat any fixed period of detention under section 1226(c) as a bright line. Nonetheless, given approximately seven months of detention here with no reasonably foreseeable endpoint, the *Mathews* balancing test now favors an individualized hearing.

/ / /

i. Private Interest.

The first *Mathews* factor asks the weight of the private interest affected. Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been detained since February 13, 2026, more than seven months as of the date of these findings. That period exceeds the durations the *Demore* Court understood to be typical, including for noncitizens who appeal. 538 U.S. at 529-30. Further, the undersigned notes that Petitioner states he has lasting difficulty walking, running, and lifting, after being shot three times in Colombia, and a July 2026 radiology report confirms a bullet lodged in the soft tissue of his right thigh. (Doc. 14 at 1-2.)

On Petitioner's immigration proceedings, the BIA received Petitioner's appeal on August 17, 2026, but has not yet set any briefing schedule for either party. The appeal must still be briefed and decided, and further review could follow a BIA decision. Nothing in the record suggests Petitioner's proceedings will conclude soon.

The undersigned also finds that no delay can be attributed to either party. Nothing in the record suggests Petitioner has delayed his proceedings in bad faith. He pursued relief from removal and timely appealed the IJ's decision, which he is entitled to do. Nor does the record show delay attributable to Respondents.

Nonetheless, the IJ has ordered Petitioner removed, which weighs in Respondents' favor. That order, however, rests on the pretermission of Petitioner's application for protection without an evidentiary hearing, and it remains subject to BIA review. The undersigned expresses no view on the merits of the appeal.

On balance, the private interest weighs in Petitioner's favor.

ii. Risk of Erroneous Deprivation.

The second factor asks the risk of an erroneous deprivation under the procedures used and the probable value of additional safeguards. The probable value of an individualized hearing is substantial. No neutral decisionmaker has ever assessed whether Petitioner poses a danger to the community or a risk of flight, whether conditions of supervision could mitigate any such risk, or whether a bond in any amount would secure his appearance. Although Petitioner's classification

is not in doubt, the record contains individualized information bearing on danger and flight risk that no immigration decisionmaker has considered. For example, in withholding adjudication, the state court recited a finding that Petitioner "is not likely to engage in a criminal course of conduct." (Doc. 8-3 at 1.) The undersigned does not weigh that finding, but points it out as an illustration of the kind of evidence an individualized hearing would evaluate. A single bond hearing before an IJ would therefore produce an individualized determination on exactly the questions that have gone unasked for seven months. This factor weighs in Petitioner's favor.

iii. Government's Interest.

The Government has a legitimate and weighty interest in ensuring a noncitizen's appearance at removal proceedings and in protecting the public from noncitizens who pose a danger. *Rodriguez Diaz*, 53 F.4th at 1208. The undersigned does not discount that interest, and Petitioner's criminal history, including burglary of an occupied dwelling, is not trivial.

But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after approximately seven months without review. The question of whether continued detention is warranted is committed to the immigration judge.

Weighing the factors, the undersigned finds that Petitioner's continued detention under section 1226(c), for a period of approximately seven months without any individualized determination by a neutral decisionmaker, violates the Due Process Clause. To the extent Petitioner seeks immediate release, such relief is not warranted. The constitutional defect identified above is procedural: Petitioner has been denied a hearing, not shown to be entitled to release. The appropriate remedy is to supply the missing process of a bond hearing. Should the immigration judge conclude that Petitioner's continued detention is justified, no constitutional violation will

remain.

**E. Eighth Amendment**

Petitioner also contends that the categorical denial of bail violates the Excessive Bail Clause. (Doc. 1 at 13.) He relies only on the dissent in *Jennings*. (*Id.*) The Excessive Bail Clause does not guarantee a right to bail in every case. *Carlson v. Landon*, 342 U.S. 524, 545-46 (1952). Petitioner's claim therefore fails, and the relief to which he is entitled is fully addressed by his due process claim.

**F. Motion for Appointment of Counsel (Doc. 3)**

Petitioner moves for appointment of counsel under 18 U.S.C. § 3006A. (Doc. 3.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). Appointment is discretionary and appropriate where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner's filings demonstrate an adequate ability to articulate his claims, and the legal issues presented are not complex such that denial of counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Accordingly, the undersigned recommends that the motion for appointment of counsel (Doc. 3) be DENIED.

**G. Motions for Status (Docs. 15, 16)**

Petitioner's two identical motions request an update on this case. (Docs. 15, 16.) The undersigned deems these findings and recommendations to provide the requested relief of an update. Accordingly, the undersigned recommends that the motions for status (Docs. 15, 16) be DENIED AS MOOT.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART** as to Petitioner's prolonged detention claim;
2. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing

before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention;

3. The petition be **DENIED IN PART** as to Petitioner's request for immediate release, his Eighth Amendment claim, and his request for declaratory relief;

4. Petitioner's motion for appointment of counsel (Doc. 3) be **DENIED**; and,

5. Petitioner's motions for status (Docs. 15, 16) be **DENIED AS MOOT**.

These Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of these Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 17, 2026**

UNITED STATES MAGISTRATE JUDGE