**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS GIOVANNY M.R.,<br>Petitioner,<br>v.<br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED SETATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>Respondents. | No. 1:26-cv-03424-JLT-EGC (HC)<br>A-Number: 246-414-512<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 17) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 17, 2026, the magistrate judge issued findings and recommendations that the Petition be granted in part and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 17.) On September 30, 2026, Respondents filed timely objections. (Doc. 18.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis given that Petitioner's detention has now exceeded eight months. *See Singh v. Warden of Cal. City Corr. Ctr.*, No. 1:26-CV-01936-JLT-SAB (HC), 2026 WL 1831068, at *1 (E.D. Cal. June 25, 2026) (applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), to find that petitioner detained for

over eight months under 8 U.S.C. 1226(c) was entitled to a bond hearing). Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 17, 2026 (Doc. 17) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED IN PART**.
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
5. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

///

///

///

///

///

///

6. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center with a copy of this Order and then to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _October 20, 2026_

UNITED STATES DISTRICT JUDGE